**Carl FOLTZ et al., Appellants,**

v.

**KENTON COUNTY WATER DISTRICT,**
**Appellee.**

Court of Appeals of Kentucky.

May 18, 1962.

Frank V. Benton, III, Benton, Benton, Luedeke & Rhoads, Newport, for appellants.

Thomas E. Horne, Covington, for appellee.

BIRD, Judge.

The nature of this action can best be described by quoting the brief complaint, to-wit:

"1. On about April 29, 1960, by order of the Kenton County Court, defendant, Kenton County Water District levied an assessment against plaintiffs, Carl Foltz and Marie Foltz, in the sum of Four Thousand and Six and 93/100 ($4,006.93) Dollars, for the purpose of constructing a water main along the right of way of Turkeyfoot Road in Kenton County, Kentucky, abutting the property of said plaintiffs, as part of a new water line and system extending from Orphanage Road, in a general southerly direction. Construction of said water main system has now begun.

"2. The assessment above mentioned was illegally and unlawfully levied, and plaintiffs have no adequate remedy at law to obtain relief from said assessment.

"3. The assessment mentioned was levied without notice to plaintiffs, and without public hearings, as required by law.

"4. The assessment above mentioned is excessive and constitutes an arbitrary and flagrant abuse of discretion.

"5. The assessment above mentioned was levied without complying to the requirements of the statutes relating thereto.

"6. The Kenton County Water District failed to obtain a certificate of public convenience and necessity from the Public Service Commission of Kentucky, and by reason thereof, the construction of the said water main system is illegal and unlawful.

"WHEREFORE plaintiffs demand:

"1. Judgment permanently enjoining defendant, Kenton County Water District, from constructing the water main described in paragraph 1 of this complaint.

"2. That the Kenton County Water District be permanently enjoined from collecting the assessment levied against the plaintiffs in paragraph 1 of this complaint."

Seven defenses appear in the answer, the first of which states that complaint "fails to state facts upon which relief may be granted."

The trial court dismissed the action and the plaintiffs have appealed.

The record does not clearly show the manner in which the trial court reached its findings of fact and conclusions of law. Such findings and conclusions are in dispute.

However, the complaint clearly shows that the plaintiffs merely seek to avoid the payment of an assessment.

It is the Court's opinion that the complaint shows that the plaintiffs have an adequate remedy at law by defending an effort to collect the assessment and are therefore not entitled to injunctive relief.

Regardless of how the trial court arrived at its judgment the complaint should

have been dismissed under the first defense.

The judgment is affirmed in so far as it denies injunctive relief and dismisses the complaint. Due to the condition of the record, neither this opinion nor the judgment of the circuit court shall be construed to deprive appellants of any remedy at law available to them at the time of the filing of this action.